# NOS. 12-12-00403-CR
# 12-12-00404-CR
# 12-12-00405-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY RAY GIBSON,* *APPELLANT* | § | *APPEALS FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Pursuant to a plea bargain, Appellant pleaded guilty to aggravated robbery, possession of a firearm by a felon, and theft. After the imposition of sentence and entry of judgment, the trial court signed a judgment nunc pro tunc reflecting that Appellant was convicted of robbery instead of aggravated robbery. Appellant desires to appeal this judgment.

In a criminal case, as pertinent here, the notice of appeal must be filed within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The judgment nunc pro tunc was entered on October 15, 2007. Therefore, Appellant's notice of appeal was due to have been filed no later than November 14, 2007. However, Appellant did not file his notice of appeal until November 30, 2012.

Appellant recognized that his notice of appeal was untimely and included a motion for

extension of time in his notice of appeal.   Such an extension may be granted if, within fifteen days after the deadline for filing the notice of appeal, the appellant files a notice of appeal in the trial court and a motion for extension of time in the appellate court.   TEX. R. APP. P. 26.3.   In this case, Appellant's deadline for complying with Rule 26.3 was November 29, 2007.   Appellant did not attempt to comply with this deadline until five years after it expired.   Therefore, his notice of appeal and motion for extension of time are untimely.

This court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3.   Accordingly, Appellant's motion for extension of time to file his notice of appeal is overruled, and the appeals are *dismissed for want of jurisdiction*.[1]   *See* TEX. R. APP. P. 42.3(a).

Opinion delivered December 5, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Appellant refers to all three trial court cause numbers in his notice of appeal, but does not allege that the judgment nunc pro tunc affected the other two convictions (possession of a firearm by a felon and theft).



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

DECEMBER 5, 2012

NOS. 12-12-00403-CR
12-12-00404-CR
12-12-00405-CR

**TRACY RAY GIBSON**,
Appellant
V.
**THE STATE OF TEXAS**,
Appellee

---

Appeals from the 145th Judicial District Court of
Nacogdoches County, Texas. (Tr.Ct.Nos. F14962-2007; F14963-2007; F14964-2007)

---

THESE CAUSES came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of these appeals, and that these appeals should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that these appeals be, and the same are, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

3